UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
HUSSAIN KAREEM,                     )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 09-1820 (RWR)
                                    )
FEDERAL DEPOSIT INSURANCE           )
CORPORATION et al.,                 )
                                    )
    Defendants.                     )
_____)

## MEMORANDUM OPINION

The pro se plaintiff, Hussain Kareem, sued the Federal Deposit Insurance Corporation ("FDIC") and Johnson & Freedman II, LLC, a law firm, about matters involving foreclosure proceedings on his home mortgage. The FDIC has filed a motion to dismiss the claims against it, and Kareem has filed an opposition. The FDIC's motion will be granted because the complaint was filed after a statutory filing deadline. Supplemental jurisdiction over the state claims against Johnson & Freedman will be declined, and the entire complaint will be dismissed.

Kareem obtained a home mortgage loan on August 17, 2007, from Washington Mutual Bank ("WAMU"). Am. Compl. ¶ 59. The FDIC took receivership of WAMU in September 2008, after the Office of Thrift Supervision declared WAMU insolvent. There are no material facts in genuine dispute with respect to the FDIC's motion. All parties agree that Kareem timely filed a claim with the FDIC, that the FDIC had until July 1, 2009, to make a determination regarding Kareem's claim and that it did not do so, and that Kareem had sixty days from July 1,

1

2009 to file a civil complaint against the FDIC. FDIC's Mot. to Dismiss ("FDIC Mot.") at 2; Pl.'s Objection to Motion to Dismiss ("Opp'n") ¶¶ 8-9, 13. Kareem mailed the complaint from Atlanta, Georgia on August 31, 2009, and it was received by the clerk's office for filing on September 1, 2009. *See* Opp'n, Exs. 1A (showing postmark of August 31, 2009), 2A & 3A (showing received date of September 1, 2009).

When a plaintiff files a complaint along with an application to proceed without prepayment of fees, the date the complaint is received by the clerk's office is the date the complaint is deemed filed for purposes of determining whether a complaint is timely filed. *Brooks v. Derwinski,* 741 F. Supp. 963, 964 (D.D.C. 1990); *Mwabira-Simera v. Howard University,* 692 F. Supp. 2d 65, 72 (D.D.C. 2010). Sixty days from July 1, 2009, is August 30, 2009, a Sunday. August 31, 2009, was a Monday and not a holiday. Rule 6 of the Federal Rules of Civil Procedure obligated Kareem to file his complaint on or before Monday, August 31, 2009. The law does not, as Kareem argues, *see* Opp'n ¶¶ 37-38, treat the postmark as the date of filing, or allow three days beyond the filing date to file by mail.[1]

Because Kareem's complaint against the FDIC was not received by the clerk's office for filing on or before August 31, 2009, the claims against the FDIC are time-barred, depriving this court of subject matter jurisdiction. *See* 12 U.S.C. § 1821(d)(13)(D) (limiting judicial review to claims that are timely filed). Thus, the claims against the FDIC must be dismissed. This decision results in the dismissal of all claims over which this Court exercised original

---

[1] Kareem's mistake may be related to the three days mentioned in Rule 6(d), but that provision specifically applies to acts within a specified time after service on another party; it does not apply to filing deadlines.

jurisdiction, and supplemental jurisdiction over the remainder of the claims will be declined. 28 U.S.C. § 1367(c)(3).[2] A separate order accompanies this memorandum opinion.

SIGNED this 27th day of July, 2010.

/s/
RICHARD W. ROBERTS
United States District Judge

---

[2] It is not clear whether Kareem intended to bring other federal constitutional and statutory claims against either the FDIC or Johnson and Freedman. In a section of the amended complaint entitled "Summary of Breaches, Fraud and Intent to Unlawful Dispossession," the plaintiff alleges that "defendants" acted in violation of his federal statutory and constitutional rights. Am. Compl. ¶¶ 96 (asserting that "defendants illegally acted or hired agents in violation" of the First, Fifth, Seventh, and Fourteenth Amendments of the Constitution), 98 (asserting that "defendants illegally violated the RESPA [Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*] statutes" and the "TILA [Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*] recision rights"), 99 (asserting that "defendants jointly and illegally carried on FDCPA [Fair Debt Collection Practices Act, 15 U.S.C. § 1692] harassment and unfair collection practices"). The specific entities to which the term "defendants" is intended to refer is not clear. The term is used only in a section alleging various wrongful acts by WAMU, which is not named as a defendant in this action. The facts alleged as to the FDIC and Johnson & Freedman do not support a reasonable inference that the plaintiff intended to assert any claim under the RESPA, TILA or FDCPA against either of the two defendants in this case. The FDIC had no role in the loan transaction or debt collection efforts. As to Johnson & Freedman, the only the factual allegation posits that "acting on behalf of WAMU," Am. Compl. ¶ 72, "on November 3, 2008," Johnson & Freedman "placed a foreclosure re deed [sic] into the Henry County Court records to cloud the title of the estate . . . ." *Id.* ¶ 79; *see also id.* ¶ 105 (seeking damages from Johnson & Freedman for being "party to breach of private duty on behalf of WAMU"). Therefore, the complaint is construed to assert only state claims against Johnson & Freedman.

Even if Kareem intended otherwise, his federal claims against Johnson & Freedman would fail because they do not state a claim upon which relief may be granted. The rights guaranteed by the cited amendments to the federal constitution are not enforceable against non-governmental actors, and the law firm appears to be a non-governmental actor. Furthermore, Johnson & Freedman are not alleged to have had any role in the loan transaction or any attempt to collect a debt from Kareem owed to a third party. Thus, there is no conceivable factual basis for claims against Johnson & Freedman under the TILA, the RESPA or the FDCPA. In any case, even if any intended federal constitutional or statutory claims did not fail to state a claim upon which relief may be granted, they would be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b) (indicating where venue would be proper), 1406(a) (authorizing a court to dismiss a case for improper venue).