UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HUSSAIN KAREEM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-1820 (RWR) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction and Background.**

Pro se Plaintiff Hussain Kareem sued the Federal Deposit Insurance Corporation (FDIC) and Johnson & Freedman II, LLC, a law firm, about matters involving foreclosure proceedings on his home mortgage. *See* Am. Federal Compl., ECF No. 15. The Court dismissed all claims against the FDIC because Plaintiff filed his complaint one day late. *Kareem v. F.D.I.C.*, No. 09-cv-1820, 2010 WL 2943149 (D.D.C. July 27, 2010). The Court reasoned that Plaintiff "timely filed a claim with the FDIC"; "the FDIC had until July 1, 2009, to make a determination" on Plaintiff's claims, but failed to do so; under 18 U.S.C. § 1821(d)(6)(B), Plaintiff "had sixty days from July 1, 2009 to file a civil complaint against the FDIC"; under Federal Rule of Civil Procedure 6, Plaintiff thus had "to file his complaint on or before Monday, August 31, 2009"; Plaintiff "mailed the complaint . . . on August 31, 2009"; the complaint "was received by the clerk's office for filing on September 1, 2009"; and "the date the complaint is received by the clerk's office is the date the complaint is deemed filed for purposes of determining whether a complaint is timely filed." *Id.* at *1. The Court concluded that "[b]ecause Kareem's complaint

against the FDIC was not received by the clerk's office for filing on or before August 31, 2009, the claims against the FDIC are time-barred, depriving this court of subject matter jurisdiction." *Id.* The Court therefore dismissed all claims against the FDIC, declined to exercise supplemental jurisdiction over the remaining claims concerning the law firm, and dismissed this case. *Id.*

Plaintiff now moves for reconsideration of that dismissal, ostensibly under Federal Rule of Civil Procedure 59(e). *See* Amended Mot. for Reconsideration Pursuant to FRCP Rule 59(e), ECF No. 30 ("Mot. for Reconsideration"). The Court will construe this motion as though made under Federal Rule of Civil Procedure 60(b). Because Plaintiff's arguments concern only rules and regulations unrelated to the filing date of his complaint, this motion will be denied.

Plaintiff also moves for judgment as a matter of law, to set aside or to vacate the judgment, or for a new trial. *See* Mot. for J. as Matter of Law and Mot. to Set Aside or Vacate J. Alternately; Mot. for New Trial, ECF No. 36 ("Mot. for JML, to Set Aside or Vacate, or for New Trial"). To the extent that Plaintiff seeks reconsideration of the dismissal, the Court will construe this motion as though made under Rule 60(b) and deny the motion. The remainder of the motion will be denied as not ripe.

Plaintiff also moves for entry of default and judgment on such default, or for judgment on the pleadings, and for a hearing on that motion. *See* Notice to the Clerk of Court to Enter Default J. Pursuant to Federal Rules of Civil Procedure 55(b)(1) & on Pleading, ECF No. 34 ("Mot. for Default & Default J. or J. on the Pleadings"); Judicial Notice: Pl.'s Request for Hearing on Notice for Entry of Default J. & on Pleading, ECF No. 35 ("Mot. for Hearing"). These motions will be denied as moot.

## II. Analysis.

### A. The Motion for Reconsideration.

Both Rules 59(e) and 60(b) provide mechanisms for relief from final judgments. *See* Fed. R. Civ. P. 59(e), 60(b). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), but a Rule 60(b) motion need only be filed "within a reasonable time" and, depending on the basis for the reconsideration, "no more than a year after the entry of the judgment," Fed. R. Civ. P. 60(c)(1). Thus, "[i]f a person files a motion for reconsideration within twenty-eight days of the judgment or order of which he complains, courts consider it a Rule 59(e) motion; otherwise, they treat it as a Rule 60(b) motion." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 12 (D.D.C. 2010). This 28-day period "runs from the date of entry of judgment and not from the date of service of the challenged judgment." *United States v. Zaia*, 751 F. Supp. 2d 132, 144–45 (D.D.C. 2010). According to Federal Rule of Civil Procedure 5, a motion is filed when it is delivered to the clerk of the Court. Fed. R. Civ. P. 5(d)(2)(A). Therefore, when a non-prisoner plaintiff mails a motion to the Court, the filing date is the date on which the motion was received, not the date on which the motion was sent. *See, e.g.*, *Reed v. Gulf Coast Cmty. Coll.*, No. 5:09-c-v237, 2010 WL 2926556, at *3 (N.D. Fla. June 29, 2010).[1]

According to the title of his motion, Plaintiff purports to bring his reconsideration motion under Rule 59(e). *See* Mot. for Reconsideration at 1. The Court entered the judgment from which Plaintiff seeks relief on July 27, 2010. *See Kareem*, 2010 WL 2943149. Plaintiff claims to have mailed his original motion for reconsideration—which has since been amended—on August 24, 2010. Mot. for Reconsideration Pursuant to FRCP 59(e), at 17, ECF No. 29.

---

[1] *Cf. Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a motion into the prison mail system). Plaintiff is not a prisoner, nor was he when he mailed his motion.

However, it was not received by the clerk's office until August 26, 2010. *See id.* at 1 (showing dated receipt stamp). That was the thirty-first day after July 27, 2010. Because Plaintiff filed his motion more than 28 days after the date of the entry of the judgment he now challenges, the motion will be considered under Rule 60(b).

Rule 60(b) allows for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).

Plaintiff first argues that certain provisions of the Code of Federal Regulations applicable to the FDIC show that his complaint was timely filed. Mot. for Reconsideration at 2–5 (citing 12 C.F.R. §§ 308.1, 308.10, 308.12). These provisions have nothing to do with whether Plaintiff's civil complaint was timely filed with this Court. Section 308.1 specifies that the regulatory provisions upon which Plaintiff relies "prescribe[] rules of practice and procedure applicable to adjudicatory proceedings as to which hearings on the record are provided for" regulatory actions taken by the FDIC. § 308.1. Such proceedings are those before the FDIC, not this Court. *See Nickols v. F.D.I.C.*, 9 F. Supp. 2d 137, 142 (D. Conn. 1998) (discussing section 308.1 and noting that "[t]hese regulations do not govern filing of claims under 12 U.S.C. § 1821(d)"—the statute under which Plaintiff brought his claim in this case). Sections 308.10 and 308.12, which govern

filing papers and construing time limits, respectively, therefore have no bearing on whether Plaintiff timely filed his complaint.

Plaintiff next points to Federal Rule of Civil Procedure 5(b)(2)(F), incorrectly cited as Rule 5(F). Mot. for Reconsideration at 6. That rule provides that a paper may be served on a defendant "by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery." Fed. R. Civ. P. 5(b)(2)(F). But that rule applies only to service of papers once a case has begun, not service of the complaint that begins a case, and does not address the further question of when a complaint is deemed to be filed. Plaintiff's remaining arguments have nothing to do with whether he timely filed his complaint. *See* Mot. for Reconsideration at 7–17. Because Plaintiff has made no argument warranting reconsideration under Rule 60(b), the motion for reconsideration will be denied.

> **B. The Motion for Judgment as a Matter of Law, to Set Aside or to Vacate the Judgment, or for a New Trial.**

Plaintiff asserts that he "seeks full relief from the judgment pursuant to F.R.C.P. Rule 50(c)." Mot. for JML, to Set Aside or Vacate, or for New Trial at 1. Rule 50(c) governs renewed motions for judgment as a matter of law, not motions for relief from a final judgment. Instead, rules 59(e) and 60(b) are the appropriate mechanisms for seeking relief from a final judgment. Because Plaintiff filed this motion on June 29, 2011—well more than 28 days after entry of the judgment on July 27, 2010—the Court will construe this portion of the motion as though made under Rule 60(b). See Part II.A. above for a discussion of the legal standard applicable to such a motion.

Plaintiff argues that there is a "Mail Box Rule" that should govern the filing date of his complaint. Mot. for JML, to Set Aside or Vacate, or for New Trial at 7–9. Plaintiff is simply

incorrect.  It is well settled that "the date on which the complaint was received by the clerk of court for filing is the critical filing date for statute of limitations purposes."  *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 72 (D.D.C. 2010).  Plaintiff's remaining arguments have nothing to do with whether he timely filed his complaint.  *See* Mot. for JML, to Set Aside or Vacate, or for New Trial at 1–7, 9–17.

Plaintiff also seeks judgment as a matter of law under Federal Rules of Civil Procedure 50(a), 50(c), and 52(c).  *Id.* at 16–17.  Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  Plaintiff has not been fully heard at trial because this case was dismissed before any trial took place.  Any request for judgment as a matter of law is therefore not ripe.  Rule 50(c), which governs *renewed* motions for judgments as a matter of law, is irrelevant; this is not a renewed motion.  Fed. R. Civ. P. 50(c).  Rule 52(c), which governs judgment on partial findings, is also irrelevant; the Court is not entering and has not entered judgment on partial findings.  Fed. R. Civ. P. 52(c).

Finally, Plaintiff moves for a new trial.  Mot. for JML, to Set Aside or Vacate, or for New Trial at 1, 17.  A new trial is appropriate only "*after* a jury trial" or "*after* a nonjury trial."  Fed. R. Civ. P. 59(a)(1)(A)–(B) (emphasis added).  This case was dismissed before any trial took place.  Any request for a *new* trial is therefore not ripe.

### C. The Motion for Entry of Default and Default Judgment or Judgment on the Pleadings and the Motion for a Hearing.

Plaintiff also moves for entry of default and judgment on the default or for judgment on the pleadings, and for a hearing on that motion.  *See* Mot. for Default & Default J. or J. on the

Pleadings; Mot. for Hearing. Because this case has been dismissed and that dismissal will not be reconsidered, these motions are moot and will be denied.

## III.    Order.

Accordingly, it is hereby

**ORDERED** that the Amended Motion for Reconsideration Pursuant to FRCP Rule 59(e), ECF No. 30, is **DENIED**; it is

**FURTHER ORDERED** that the Notice to the Clerk of Court to Enter Default Judgment Pursuant to Federal Rules of Civil Procedure 55(b)(1) & on Pleading, ECF No. 34, is **DENIED**, it is

**FURTHER ORDERED** that the Judicial Notice: Plaintiff's Request for Hearing on Notice for Entry of Default Judgment & on Pleading, ECF No. 35, is **DENIED**; and it is

**FURTHER ORDERED** that the Motion for Judgment as a Matter of Law and Motion to Set Aside or Vacate Judgment Alternately; Mot. for New Trial, ECF No. 36, is **DENIED**.

**SO ORDERED** this 15th day of September, 2011.

/s/
RICHARD W. ROBERTS
United States District Judge